# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SAMANTHA WARREN, individually and on behalf of those similarly situated, | ) ) ) ) |
| Plaintiffs, | ) **JURY DEMAND** ) |
| v. | ) CASE NO: ) |
| DENNY'S INC., | ) Judge ) |
| Defendant. | ) Magistrate Judge |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Samantha Warren ("Plaintiff" or "Warren"), individually and on behalf of those similarly situated, by counsel, brings this action against Defendant, Denny's Inc. ("Defendant"), alleging failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*.

### II. PARTIES

2. Warren is a resident of Pegram, Cheatham County, Tennessee and has resided within the geographic boundaries of the Middle District of Tennessee at all relevant times.

3. Defendant, Denny's Inc., is a corporation doing business in the Middle District of Tennessee.

### III. JURISDICTION AND VENUE

1

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d).

6. Plaintiff is an "employee" as that term is defined by 29 U.S.C. §203(e)(1).

7. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203.

8. At all times hereinafter mentioned, Defendant has been engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Plaintiff regularly used the instrumentalities of interest commerce in their work.

10. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

11. Defendant's 1420 HWY 96 North location is a restaurant that serves drinks and American comfort food, including appetizers, breakfast, lunch, or dinner.

12. Defendant hired Warren in 2017. Most recently, Warren was a server for the Defendant's 1420 HWY 96 North location.

13. At all relevant times, Warren was a non-exempt employee who was entitled to be paid time and a half for hours over 40 worked in any workweek.

14. In total, Defendant employed approximately 12 to 15 servers and 6 to 8 cooks who worked for Defendant's 1420 HWY 96 North location at any given time.

15. Warren and the Collective Class either work or have worked within the past three years for the Defendant's 1420 HYW 96 North location as non-exempt FLSA employees.

16. In her role as a server, Warren greeted customers, took down food and drink orders, and served made-to-order meals.

17. In her role as the server, Warren was required to regularly work 60 to 65 hours per week.

18. In April of 2018, Warren was moved to the third shift and was the only third shift server.

19. The General Manager, Wendy Johnson ("Johnson"), who is paid a salary, would have the servers use the manager "card" to run orders and ring people out, so that the system would not show the servers constantly working.

20. When the servers worked more than 40 hours, Johnson would delete and change the hours and then forge the servers names in a handwritten book to make it look like the servers did not clock in or clock out properly, so that the hours were reconciled in the computer system.

21. Excluding her receipt of tips, Plaintiff was paid $4.50 per hour for all worked performed, regardless if the work exceeded 40 hours per week. Plaintiff was not paid for any hours worked over 40 hours per week, nor was she paid at her overtime rate for any hours exceeding 40 hours per week.

22. Warren is similarly-situated to Defendant's other servers and cooks, whom work for Defendant's 1420 HWY 96 North location, in that a common practice and policy of refusing to pay overtime at a rate of not less than one and one-half times their regular rate of pay affected all current and former servers and cooks ("Members of the Class").

23. Warren is similarly situated to the Members of the Class because they all cooked or served American comfort food, including appetizers, breakfast, lunch, and dinner; they were all paid hourly rates of pay; and they were all subject to Defendant's unlawful policy and practice of refusing to properly pay overtime wages for work performed in excess of forty hours.

24. Defendant's failure to pay overtime compensation as required by the FLSA results from a policy or practice applicable to Warren and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of Warren or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Warren applied to all Members of the Class. Accordingly, the class is properly defined as: *All current and Former Servers and Cooks (or their functional equivalents) who have performed work*

*for Defendant with its 1420 HWY 96 North location, but who were not paid overtime for work performed that exceeded forty (40) hours per week.*

25. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to properly pay overtime compensation with respect to Warren and the Members of the Class.

## V.    LEGAL ALLEGATIONS

### Count I: FLSA - Failure to Pay Overtime Wages

26. Warren hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Warren and Members of the Class are non-exempt employees of Defendant who engaged in interstate commerce.

28. Defendant intentionally and willfully failed to compensate Warren and Members of the Class at least one and one-half times their hourly rate of pay for time they spend performing work-related duties in excess of a workweek of forty hours.

29. Warren and Members of the Class are entitled to recover from Defendant all compensation which they earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

30. Defendant's actions in denying Warren and Members of the Class compensation are intentional, willful, and/or done with reckless disregard for their statutory rights.

## VI.    REQUESTED RELIEF

WHEREFORE, Plaintiff, Samantha Warren, and all employees similarly situated who join this action, respectfully requests that this Court enter judgment in their favor and award the following relief:

1. Payment to Plaintiff (and those who have joined the suit) of all unpaid wages and overtime compensation;

2. Payment to Plaintiff (and those who have joined the suit) of liquidated damages for all unpaid wages and overtime compensation;

3. Payment to Plaintiff (and those who have joined the suit) of compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Order injunctive relief sufficient to insure that Defendant ceases and desists from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*;

5. Order Defendant to pay pre-judgment and post-judgment interest to Plaintiffs (and those who join the suit);

6. Order Defendant to pay Plaintiff's (and those who join the suit) costs and attorney fees; and

7. Order all other relief this Court deems just and proper.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Kyle Biesecker
Kyle F. Biesecker, Attorney No. 28872

3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorney for Plaintiff, Samantha Warren

**DEMAND FOR JURY TRIAL**

Plaintiff, Samantha Warren, individually and on behalf of those similarly situated, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Kyle Biesecker
Kyle F. Biesecker, Attorney No. 28872
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorney for Plaintiff, Samantha Warren